IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES ABALOS,　　　(01)<br><br>　　　　　Defendant. | CR. NO. 16-00745 JMS (01)<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR COMPASSIONATE<br>RELEASE, ECF NO. 245 |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 245

## I. INTRODUCTION

Defendant James Abalos ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from FCI Sandstone, based on a pre-existing medical condition (obesity and hypertension) and the COVID-19 pandemic.  The court determines that Defendant has failed to show extraordinary and compelling reasons to warrant release, and, even if he had, the court would deny the motion based on a consideration of the applicable 18 U.S.C. § 3553(a) factors.  Thus, for the following reasons, the motion is DENIED.

## II. **BACKGROUND**

Defendant is a 41-year-old inmate incarcerated at FCI Sandstone, and is scheduled for release from custody on March 26, 2026. *See* https://www. bop. gov/inmateloc/ (last visited August 31, 2020).

Defendant pled guilty on November 30, 2017 to four counts: 1) conspiracy to distribute, and possess with intent to distribute, 5 grams or more of methamphetamine; 2) conspiracy to distribute, and possess with intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; 3) possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and 4) being a felon in possession of a firearm. ECF Nos. 29, 167-68. On March 19, 2018, Defendant was sentenced to a total term of 132 months imprisonment, and a total term of five years of supervised release. ECF Nos. 194, 195.[1]

Defendant submitted a request for compassionate release to FCI Sandstone's Warden on June 17, 2020. *See* ECF No. 245 at PageID #1292. That

---

[1] Defendant's total offense level 33, Criminal History Category I, resulted in an advisory United States Sentencing Guideline range of 168 to 210 months incarceration. The court varied downward based on the 18 U.S.C. § 3553(a) factors and sentenced Defendant to a total term of 132 months. *See* ECF No. 196.

request was denied on July 1, 2020. *Id*. at PageID #1291. On July 14, 2020,

Defendant, acting pro se, filed the instant motion for compassionate release. ECF

No. 245. The Office of the Federal Public Defender entered an appearance for

Defendant on August 10, 2020, and then filed a Supplemental Memorandum in

Support of the Motion for Compassionate Release on August 13, 2020. ECF Nos.

251, 252. On August 27, 2020, the Government filed its Response, ECF No. 255.

The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

## III.  DISCUSSION

### A.    Legal Standard

Defendant moves for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), as amended by the First Step Act of 2018,[2] which provides as

relevant:

> [T]he court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment . . . after considering the factors set
> forth in [18 U.S.C.] section 3553(a) to the extent that
> they are applicable, if it finds that—

---

[2] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

(i) extraordinary and compelling reasons warrant such a reduction;

. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy statements.  Here, Defendant has exhausted his administrative remedies.  *See* ECF No. 245.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating

4

family circumstances—along with a fourth, catch-all provision granting discretion

to the Bureau of Prisons ("BOP") Director to determine whether other

extraordinary and compelling reasons exist.  *See* Guideline § 1B1.13 n.1(A)-(D).

In a detailed analysis, this court previously determined that the "discretion to

determine whether 'other' extraordinary and compelling reasons exist granted by

[Guideline § 1B1.13 n.1(D)] to the BOP Director applies equally to the court when

ruling on motions for compassionate release."  *United States v. Hernandez*, 2020

WL 3453839, at *4 (D. Haw. June 24, 2020).  The court incorporates that analysis

here.

**B.      Extraordinary and Compelling Reasons Do Not Warrant Release**

Defendant bears the burden to establish extraordinary and compelling

reasons that warrant compassionate release.  *See, e.g.*, *United States v. Bolden*,

2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*,

2020 WL 4284128, at *4 (D. Or. July 27, 2020).  Here, Defendant contends that he

should be released from custody because: (1) he is obese and suffers from

hypertension;[3] and (2) due to the COVID-19 pandemic, he is at great risk while

incarcerated at FCI Sandstone.  Defendant also addresses several 18 U.S.C.§

---

[3] Defendant also suffers from gout.  *See* ECF No. 252-11 at PageID #1353.

5

3553(a) factors that support his motion.  The court addresses each argument in turn.

As to his first contention, the court agrees that Defendant has underlying medical conditions that place him or might place him at an increased risk for severe illness from COVID-19.  According to the Centers for Disease Control and Prevention ("CDC"), individuals with "[o]besity (body mass index [BMI] 30 or higher)" fall into a high-risk category.  *See* https://www.cdc. gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 31, 2020).  Although Defendant's exact BMI is not clear, he is obese under the CDC guidelines.[4]  Further, those with hypertension "might be at an increased risk" for severe illness from COVID-19. *Id*.  In short, it is beyond question that Defendant's pre-existing medical conditions place him at an increased risk should he contract COVID-19.

BOP reports, as of August 31, 2020, 4 inmates and 0 staff members with "confirmed active cases" of COVID-19 at FCI Sandstone.  *See*

---

[4]  Defendant's medical records reflect that, as of May 13, 2020, Defendant's obesity was "resolved."  ECF No. 252-11 at PageID #1353.  But the records also suggest that Defendant's BMI on May 13, 2020 was 31 (*id.*) or 35.9 (ECF No. 252-12 at PageID #1422), both in excess of the BMI of 30 or greater that the CDC lists as falling in the high risk category.  Regardless of Defendant's exact BMI, the United States concedes (and the court agrees) that Defendant is obese under the CDC guidelines, and thus falls into the high-risk category.

6

https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited August

31, 2020).[5] Despite these relatively low numbers, the court recognizes that

COVID-19 cases could rise in FCI Sandstone, as has happened in several BOP

facilities.

Taking into account Defendant's age, medical condition, and the

relatively low number of active COVID-19 cases at FCI Sandstone (again,

recognizing that those numbers could rise), the court concludes that Defendant has

failed to demonstrate that extraordinary and compelling reasons warrant

compassionate release. Although Defendant's obesity places him at a higher risk if

he contracts COVID-19, (and his hypertension may do so), he has no other medical

conditions that place him at an elevated risk.[6] Further, Defendant is 41 years old,

and the number of COVID-19 cases at FCI Sandstone is relatively low.

And to the extent that Defendant makes a more generalized argument

regarding the risk of contracting COVID-19 in a BOP facility, the court disagrees.

---

[5] FCI Sandstone currently houses 1,030 inmates. *See* bop.gov/locations/institutions/sst/ (last visited August 31, 2020).

[6] Several courts have determined that obesity—alone or paired with hypertension—does not by itself provide adequate grounds for compassionate release. *See e.g., United States v. Lavatai*, 2020 WL 4275258, at *2 (D. Haw. July 24, 2020); *United States v. Wilfred*, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020); *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020); *United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020; *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Wax*, 2020 WL 3468219, at *2-3 (D.N.J. June 25, 2020).

7

*See, e.g.*, *United States v. Drummondo-Farias*, ___ F. Supp. 3d ___, 2020 WL 2616119, at \*5 (D. Haw. May 19, 2020) ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]'") (quoting *United State v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at \*2 (N.D. Cal. Mar. 25, 2020)).

## C.    Section 3553(a) Factors

Even if Defendant had demonstrated that the required extraordinary and compelling reasons exist to justify compassionate release, the court would deny the motion based on a consideration of the § 3553(a) factors.

As relevant to this case, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;[7] and (2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional

---

[7] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

treatment in the most effective manner.  18 U.S.C. § 3553(a)(1)-(2).  And under the

parsimony clause, the court must "impose a sentence sufficient, but not greater

than necessary, to comply with the purposes set forth" in § 3553(a)(2).

Defendant trafficked in substantial quantities of methamphetamine.

*See* Presentence Investigation Report ("PSR") ¶¶ 16-26, ECF No. 187 at PageID

#897-900.  For example, after his arrest, Defendant told investigators that the

largest amount of methamphetamine that he sold was one pound.  PSR ¶ 26, ECF

No. 187 at PageID #899.  And during a November 10, 2016 search of his

residence, agents seized 693 grams of methamphetamine and a 9mm pistol.  PSR

¶ 23, ECF No. 187 at PageID #899.  Defendant possessed this firearm after having

been convicted of a felony.  In fact, Defendant's prior convictions placed him in a

Criminal History Category III.  PSR ¶¶ 42-46, ECF No. 187 at PageID # 902-06.

Further, Defendant still has a significant portion of his sentence to

serve—he is not scheduled for release from custody until March 26, 2026, over

five years from now.  *See* https://www.bop.gov/inmateloc/ (last visited August 31,

2020).[8]

---

[8]  When evaluating the § 3553(a) factors, courts consider the amount of time remaining
on a defendant's sentence—whether short or long—in determining whether to grant
compassionate release.  *See, e.g*., *See e.g., United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d
Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *United States v.
Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020); *United States v. Bogdanoff*, __F.

(continued . . .)

In mitigation, as Defendant points out, the BOP PATTERN score for Defendant places him at a low risk for recidivism and he has a minimum security classification.  ECF No. 252 at PageID #1301.  Also, Defendant has taken steps to improve himself while in custody, having taken multiple classes.  ECF No. 252-3.

Considering all of the § 3553(a) factors, including the offense conduct, Defendant's possession of a firearm, and the time remaining on Defendant's sentence, reducing Defendant's sentence to time served would undermine the goals of sentencing set forth in § 3553(a)(2).  And Defendant's PATTERN score and post-offense conduct while in prison, while admirable, does not alter the court's conclusion.

In sum, the court finds that Defendant has not established the requisite extraordinary and compelling reasons to warrant compassionate release, and, even if he did, the court would deny the motion based on the relevant § 3553(a) factors.

///

///

///

---

Supp. 3d__, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020); *United States v. Moskop*, 2020 WL 1862636, at *1-2 (S.D. Ill. Apr. 14, 2020); *United States v. Farmer*, 2020 WL 4057550, at *2 (N.D. Ohio July 20, 2020); *United States v. Steffey*, 2020 WL 3840558, at *1 (D. Nev. July 8, 2020).

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate

release, ECF No. 245, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 31, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Abalos,* Cr. No. 16-00745 (01) JMS, Order Denying Defendant's Motion for
Compassionate Release, ECF No. 245